WALTER MOFFITT AND A. MEIER, RESPONDENTS, v. STEPHEN COFFIN, APPELLANT.

*Appeal from Multnomah County.*

COVENANT, CONSTRUCTION OF.—A covenant in deed was in these words: "The said party of the first part, for them and their heirs, the said premises, in the quiet and peaceful possession of the said party of the second part, their heirs and assigns, against the said party of the first part and their heirs, lawfully claiming, or to claim the same, shall and will warrant, and by these presents forever defend," *Held*, not to be a covenant for quiet enjoyment, and that it does not warrant against assigns of the grantor.

IDEM.—An express covenant cannot be construed so as to extend its obligations by implication.

THIS action was brought by Walter Moffitt and A. Meier, plaintiffs, in the circuit court of Multnomah County, against Stephen Coffin to recover damages for the alleged breach of a covenant of warranty, made by Coffin to the assignors of plaintiffs, for certain real estate in the city of Portland, in a deed by Coffin and wife, from which real estate, consisting of town lots, said plaintiffs were evicted by a person claiming the title from Coffin prior in date to the title of plaintiffs. The warranty is as follows: "And the said party of the first part, for them and their heirs, the said premises in the quiet and peaceful possession of the said party of the second part, their heirs and assigns, against the said party of the first part and their heirs, lawfully claiming or to claim the same, shall and will warrant and by these presents forever defend." The court below overruled a demurrer to complaint, and

Moffitt *v.* Coffin.

upon motion struck out the defendant's answer, to which exception was taken, and from the judgment for the plaintiffs, defendant has appealed.

*O. P. Mason*, for the appellant.

An express covenant takes away all implied covenants. (7 Mass. 68; 8 Mass. 201; 11 Johns. 122.)

An express covenant of warranty against the defendant and his heirs cannot be construed so as to extend to any other persons than those named. (2 Bac. Ab. 576, 677, 582, 584.)

Damages can only be recovered in such cases for the purchase money and interest. (4 Kent, 475, 476, 477.)

*Lansing Stout* and *Kelly & Reed*, for the respondents, claim : That the covenant herein is a covenant for quiet enjoyment. (Rawle, 167, 168.)

When a party covenants against himself and his heirs, he covenants against the acts of himself and his heirs. (17 Ill. 185.)

What damages should be allowed. (Sedg. on Dam. 179–186, note 1; 9 Johns. 324; 13 Barb. 267.)

BOISE, C. J. The point here to be decided is, whether or not this covenant guarantees the grantees of Coffin by this deed, in the quiet enjoyment of the premises, against the former assignee of Coffin to the same premises. The language of the covenant is, "against the said party of the first part and their heirs." Assigns are not mentioned, and therefore not included ; for this covenant must be construed, like any other contract, by the ordinary construction of its language. It is an express covenant, and therefore nothing can be implied to extend its obligations. It is not in the form of any usual covenant, and I think has very little significance. If the word *assigns* had been inserted in the covenant, it would then have been a covenant for quiet enjoyment. We think, therefore, that no recovery can be had on this covenant in this case.

Judgment is reversed.